Common Pleas Court of Medina County.

LEE ET AL. V. FIKE ET AL. *

(Decided October 22, 1927.)

D. B. Wolcott, for plaintiff.
Weimer & Weimer, Grant Goshorn, for defendant.

McCLURE, J.

This is an action brought to quiet title in the plaintiffs as to an undivided half interest in a 100 acre tract described in the petition, title to which is claimed by them, and disputed by the defendants.

The case is submitted upon an agreed statement of facts, which is as follows:

"It is agreed that Duncan Williams is the common ancestor from whom the lands here in controversy came,

---

* Affirmed by the Court of Appeals, 28 Ohio App., 283. Motion to certify overruled by the Supreme Court, April 4, 1928.

consisting of the lands described in the two deeds attached to the petition; that Duncan Williams died intestate, leaving no widow surviving him, but left surviving him one son, Park Williams, and two grandchildren, Asenath Whitmore and Mary J. Lee, the two plaintiffs in this case, children of a deceased son.

"A short time after the death of Duncan Williams the two plaintiffs and their mother, Jessie A. Williams, by quit claim deed conveyed their interest in the premises described in the petition to Park Williams. The deed describes the entire tract and recites a consideration of $5,000.

"Park Williams was in possession of said tract of land during his lifetime and was at the time of his death. Park Williams died intestate and without issue surviving him, but left Ella Williams, his widow, surviving. Ella Williams was afterwards intermarried with the defendant, Emory Fike. She devised all of her real estate by will to the defendant, Emory Fike. Said Ella Williams is now deceased and Emory Fike is her surviving husband.

"Plaintiff offered one witness (over objection of defendant). That witness testified that the two deeds were executed contemporaneously; that no money passed between the parties, and that the 100 acre tract and the 149 acres were of equal value."

The issue in the case depends on the character to be ascribed to the exchange of deeds between the plaintiffs and Park Williams, copies of which are attached to the petition and which set forth a consideration of $5,000 although in fact no money whatever passed between the parties. The plaintiffs insist that the transaction was in effect an amicable partition operating to a part in severalty definite portions of lands theretofore vested in the parties as coparceners or tenants in common by inheritance from the common ancestor, Duncan Williams.

The defendants insist that the fact that the parties in their deeds expressly stated that the conveyance in question was made for the consideration of $5,000 unalterably stamps upon the deed the character of a conveyance for money, and that the plaintiffs cannot now be heard to say that the transaction is other than appears upon the face of the instrument, and that a change in the

nature of the title was thus accomplished. The answer to this question will determine the course of descent which is the real issue involved in the controversy.

The title to this land was unquestionably ancestral prior to the execution of the deeds. If it remains unaffected, then the lands pass in accordance with Section 8573 of the General Code. On the other hand if the exchange of deeds effected a change in the character of the title, then under favor of Section 8574 of the General Code upon the death of Ella Williams Fike, without issue, she being seized of the title in right of her deceased husband, Park Williams, the lands would descend by her will to the defendant herein, Emory Fike.

The leading case in support of the contention of the plaintiffs is *Carter* v. *Day*, 59 O. S., page 96, the first and second syllabi being as follows:

"1. The line of descent is not broken by partition of an estate theretofore held in common, whether the partition be made in a legal proceeding or by the interchange of mutual releases.

"2. When partition is made by mutual releases they should be read and construed together in the light of the circumstances attending their execution; and it is competent to show that their only purpose was to accomplish the partition, and no other consideration passed between the parties, though a pecuniary consideration be expressed in the deeds."

The doctrine announced in this case has been given recognition in *Huseman* v. *Fingermeyer*, 106 O. S., page 113, and *Gardner* v. *Kern*, 115 O. S., page 575.

The defendants rely upon the principle laid down in the case of *Patterson* v. *Lamson*, 45 O. S., page 77, as follows:

"Syl. 1. Under the statutes of descent and distribution the course of descent of real estate is to be controlled by the legal title.

"2. In determining in such a case whether an instrument for the conveyance of land is a deed of gift, or a deed of purchase, its recitals of the payment and receipt of the consideration are material, and a recital in such deed that the conveyance by the named grantor to the

grantee is made in consideration of a specified sum of money received by such grantor from the grantee so far concerns the operation and effect of the deed, that it is not competent to show, by parole proof, that such instrument is in fact a deed of gift from a person not named in it, and that the named consideration was in fact paid by him."

This case is cited with approval or followed in *Shehy* v. *Cunningham*, 81 O. S., page 289, and *Groves* v. *Groves*, 65 O. S., page 442; *Thiessen* v. *Moore*, 105 O. S., page 401; *Ernest* v. *Keller*, 20 Ohio Appeals, page 227.

The court has examined all of the decisions above referred to and finds no difficulty in harmonizing the two lines of cases cited by counsel and finds no conflict in the decisions announced therein. There still remains the question as to which class of cases are applicable to the facts presented here.

In the case of *Huseman* v. *Fingerman, supra,* on page 119, Judge Jones in his opinion quotes with approval the language of Chief Justice Day in *Freeman* v. *Allen*, 17 O. S., page 527, as follows:

"On page 531 the learned judge says: 'Under this section the party electing to take the land can obtain title to it only by paying therefor *the full value above his own share*. Here then, it is manifest that the title is procured by the act of the party and that it is not cast upon him by operation of law.' "

This is the test which should be applied tto determine which line of decisions is applicable. In one the title is cast by operation of law on the death of the ancestor, in the other by the act of the parties themselves.

A deed from ancestor to heir reciting a consideration impresses upon the transaction the character of a title by purchase and no inquiry is permitted to show the consideration to be other than that stated in the instrument.

A deed between heirs is subject to no such rule, for the reason that the title has already been cast upon both grantor and grantee by operation of law upon the death of the ancestor, and under the holding in *Carter* v. *Day* no

new title is created by instruments which are in effect an amicable partition of the inheritance.

It clearly appears in this case that the deeds were executed contemporaneously; that the two tracts were of substantially equal value and that no money consideration passed between the parties.

A decree may be entered in favor of the plaintiffs, quieting the title in them to the lands in the petition described, and for costs. Exceptions noted for defendants and appeal bond fixed at $100.